# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT, CDCR #BS-0606,<br><br>                                        Plaintiff,<br><br>vs.<br><br>CORPORAL ROMO, San Diego County Sheriff Badge No. 3261; DOES 1-25, Nurse and Medical Personnel; DOES 1-25, Deputy Sheriffs,<br><br>                                        Defendants. | Case No.: 3:22-cv-0925-CAB-BLM<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 2]** |

While he was incarcerated at North Kern State Prison ("NKSP"), Javon Lamar Torbert ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] *See* ECF No. 1 ("Compl."). Plaintiff claims San Diego County Sheriff Department Corporal Romo, and dozens of other unidentified George Bailey Detention Facility ("GBDF") deputies and medical officials identified only as Does, violated his constitutional rights on April 20, 2022, while he was in pretrial custody. *Id.* at 1–3.

---

[1] On July 11, 2022, Plaintiff filed a Notice of Change of Address noting his transfer to California Substance Abuse Treatment Facility ("CSATF"), in Corcoran, California. *See* ECF No. 3.

Plaintiff did not pay the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint. Instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I.  Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Trust Account Statement Report as well as a Prison Certificate completed by an accounting officer at NKSP. *See* ECF No. 2 at 4, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. Plaintiff's Trust Account Statement Report shows he maintained an average monthly balance of $6.83, and had average monthly deposits of $5.67 credited to his account at NKSP over the 6-month period immediately preceding the filing of his Complaint. His available balance at the time of filing was $10.99. *See* ECF No. 2 at 4, 6.

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses an initial partial filing fee of $1.36 pursuant to 28 U.S.C. § 1915(b)(1) [ECF No. 2]. However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at CSATF the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

/ / /

/ / /

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may

not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.     Plaintiff's Factual Allegations

On April 20, 2022, while housed at GBDF's Facility-2B with 39 other pretrial detainees,[3] Plaintiff alleges San Diego Sheriff's Department Corporal Romo entered the quad with "2 additional inmates in tow," and in an "aggressive/threatening manner," directed the detainees already housed there to "find beds" for the new people. *See* Compl. at 3. Plaintiff claims he assisted, but only one available bunk was found. When Plaintiff suggested Romo "try the next quad for bed space," Romo angrily instructed Plaintiff to remove his belongings and sleep on the floor. Plaintiff replied that he "ha[d] seizures also,"[4] to which Romo replied: "Fuck you. I'll kick your ass." *Id.* Plaintiff responded: "I'm not worried about that." *Id.*

In response, Plaintiff alleges Romo rapidly "launch[ed] a vicious attack," and struck him in the head and face with tight closed fists. *Id.* After he fell to the ground, Romo "continued the assault by mounting [Plaintiff], … placing him in handcuffs," and by "repetitiously punching [him]." *Id.* Another inmate tried to pull Romo off Plaintiff, and other inmates started to "yell for him to quit," but "it wasn't until the Corporal heard responding staff coming that he stopped and lifted … Plaintiff up." *Id.* at 8. Plaintiff claims

---

[3] Because Plaintiff identifies himself as a pretrial detainee at the time of the incident, the Court presumes, for purposes of initial screening only, that Plaintiff's "excessive force; 4th Amendment" claims against Corporal Romo arise under the Fourteenth Amendment. *See* Compl. at 3; *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely ... objective." *Id.* at 397; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015).

[4] Later in his Complaint, Plaintiff claims he had a "lower/tier lower bunk chrono" at the time because he had fallen from an upper bunk on March 17, 2022 due to "seizures and other disorders," and had been "rushed to UCSD's emergency department." *Id.* at 10.

his nose and face were bleeding profusely. *Id.* Romo and Deputy Vo[5] then escorted him out of the 2B module, while Romo "continued to verbally threaten [him] until Deputy Vo told the Corporal to 'fall back!'" *Id.*

After Romo returned to the 2B module, Vo escorted Plaintiff to "medical" where he claims numerous unidentified deputies "crowded around" and "intimidate[ed] [him] with aggressive looks." *Id.* at 8. After an unidentified nurse attempted to stop the bleeding from his face and nose, another unidentified deputy took pictures of this injuries and escorted him to the "6A AdSeg rec yard," where he declined an unidentified sergeant's request for a statement "out of fear" and was placed in an empty cell until Deputy Vo later delivered his belongings. *Id.*

Plaintiff claims he "pressed the intercom continuously throughout the ni[ght]" in an attempt to get medical supplies "to no avail," but admits he was examined by an unidentified nurse practitioner two days later. *Id.* at 9. The nurse examined his "full injuries," ordered "pain meds," ice for swelling, and X-rays. *Id.*

On April 23, 2022, Plaintiff alleges he woke with chest and "cardiac pain." *Id.* He claims he was "rushed" to the medical unit where he was diagnosed with an allergic reaction to ibuprofen, which he claims the nurse practitioner had negligently "overlooked." *Id.* On April 25, 2022, Plaintiff was sent for X-rays of his hip, foot, and hand, but not his face or head, so he filed a grievance. *Id.* On April 25, 2022, Plaintiff appeared before an unidentified lieutenant about his "false imprisonment" as a result of a "bogus write-up" regarding the April 20, 2022 incident. *Id.* The lieutenant provided Plaintiff with a grievance and instructions on how to appeal. *Id.* On the next day, another nurse told Plaintiff X-rays "would be ordered for a full facial," but on April 27, 2022, Plaintiff was transferred to CDCR custody, "while still in excruciating pain," and without a "proper diagnosis or medical care for his injuries from the Corporal." *Id.* After his transfer, "CDCR

---

[5] Deputy Vo is not named as a Defendant.

ordered full X-rays … of all injuries," and on May 27, 2022, Plaintiff's "fractures/cracks" were confirmed, and he was "scheduled for ortho-specialist" and other "specialist appointments." *Id.* at 10.

Plaintiff attaches several San Diego County Sheriff's Department Inmate Grievance/Appeal of Discipline forms, a CDCR 602 Health Care Grievance, a Sheriff's Department Incident Report dated April 21, 2022, and the declarations of several GBDF detainees who attest to have witnessed the beating in support of his Complaint. *Id.* at 11–28. He seeks injunctive relief preventing the destruction of "any evidence from the events of April 20, 2022," as well as more than $1 million in general and punitive damages. *See id.* at 3, 4, 7.

### C. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, Plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Because Plaintiff alleges he was a pretrial detainee at GBDF at the time he was injured by a San Diego County Sheriff Department Corporal assigned to his housing unit, his allegations are sufficient to satisfy section 1983's "under color of state law" requirement. *See Shah v. Cnty. of Los Angeles,* 797 F.2d 743, 746 (9th Cir. 1986) (pretrial detainee in county jail "need not show that the deputies acted specifically within the scope of their authority to prove that they acted under color of law.").

### D. Doe Defendants

However, as an initial matter, Plaintiff fails to state a plausible claim for relief against any of the unidentified San Diego Sheriff's Department officials he describes as "Does 1-25, Nurse/Medical Personnel" or Does 1-25, Deputy Sheriffs." *See* Compl. at 2.
/ / /

The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a).[6] Therefore, in a section 1983 suit, the "plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must [also] allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019).

In this case, Plaintiff has *not* alleged a plausible claim for relief against anyone other than Corporal Romo. Instead, he claims only that a group of unidentified "nurse/medical personnel" at GBDF failed to exercise reasonable standards of care after he alleges Corporal Romo attacked him, and another group of unidentified "deputy sheriffs" "negligently failed to protect [him]." *See* Compl. at 2. He makes no specific allegations against any individual unidentified medical Doe or deputy, fails to link any particular constitutional violation to any specific, individual state actor besides Romo, and fails to even minimally explain how any of the unidentified Does personally caused a violation of his constitutional rights. *See Iqbal*, 556 U.S. at 677. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). As it stands, Plaintiff's Complaint fails to plead [the] factual content that [would] allow[] the court to

---

[6] Doe pleading is especially disfavored in an IFP case because in the event the Plaintiff's Complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

draw the reasonable inference that [any unidentified Doe] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Put another way, Plaintiff must, at minimum, allege some factual content to describe how each individual person he seeks to sue violated the Constitution. *Id.* at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). He does so with respect to his excessive force claims against Corporal Romo; but he may not attribute additional liability to the amorphous groups of unidentified "medical personnel" or "deputy sheriffs" as he has. *See* Compl. at 2; *see also Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (plaintiffs must "set forth specific facts" as to each individual defendant's wrongdoing to hold each liable under § 1983); *accord Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Therefore, to the extent Plaintiff seeks to hold both the medical Does and the deputy Does liable merely because they were employed at GBDF at the time he was injured, and either failed to exercise reasonable care or protect him from harm, *see* Compl. at 2, his claims are **DISMISSED** *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). *See Wilhelm*, 680 F.3d at 1121; *Williams*, 875 F.3d at 502.

E.   Corporal Romo

As currently pleaded and as noted above, however, Plaintiff's excessive force allegations against Corporal Romo, arising on April 20, 2022, are sufficient to survive the "low threshold" set for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Iqbal*, 556 U.S. at 678; *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (Due Process Clause of the Fourteenth Amendment prevents punishment of a pretrial detainee prior to an adjudication of guilt); *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). "[A] pretrial detainee must show … that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97. "A court (judge or jury) cannot

apply this standard mechanically." *Id.* at 397. Rather, "details … matter[,]" and the inquiry "requires careful attention to the facts and circumstances of each particular case." *Lombardo v. City of St. Louis, Missouri*, __ U.S. __, 141 S. Ct. 2239, 2241 (2021) (citation omitted). Those circumstances include: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

Specifically, Plaintiff alleges Corporal Romo threatened to "kick [his] ass," during a verbal confrontation over bed space, "launch[ed] a vicious attack" on him by striking him in the head and face, slammed him to the ground, mounted him, and continued to punch him in the face and head even after he was cuffed. *See* Compl. at 3, 23–28; *see also Hyde v. City of Willcox*, 23 F.4th 863, 871 (9th Cir. 2022) (finding allegations that officers employed a Taser and head restraint against a pretrial detainee who was already on his knees, cuffed, and no longer posing a threat sufficient to state an excessive force claim under *Kingsley*). These excessive force allegations are "sufficient to warrant ... an answer." *Wilhelm*, 680 F.3d at 1123.

F.     Leave to Amend

Finally, while the Court has found Plaintiff's Complaint fails to allege any plausible claim for relief against any of the unidentified Does, it will also grant him leave to amend, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

/ / /

/ / /

/ / /

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $1.36 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** all claims against Defendant DOES 1–25 (Nurses and Medical Personnel), and DOES 1–25 (Deputy Sheriffs) without prejudice based on Plaintiff's failure to state a plausible claim for relief against any of them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either:  (A) file a Notice of Intent to Proceed with his excessive force claim against Corporal Romo only; *or* (B) file an Amended Complaint that corrects the deficiencies of pleading identified in this Order.

If Plaintiff files a Notice of Intent to proceed against only Corporal Romo only, or does not timely respond to this Order, the Court will issue an Order directing the U.S. Marshal to effect service of his original Complaint on Corporal Romo pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) *and* terminate Defendant DOES 1–25 (Nurses and Medical Personnel), and DOES 1–25 (Deputy Sheriffs) as parties to this case.

If Plaintiff instead chooses to amend, his new pleading must be clearly titled as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 22-cv-00925-CAB-BLM in its caption, and be complete in itself without reference to his original Complaint. Defendants not named and any claim not realleged in Plaintiff's Amended Complaint, *including the currently sufficient excessive force claims alleged against Corporal Romo in his original Complaint*, will be considered waived. See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED**.

Dated: September 26, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge